# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KELLY MURPHY,

        Petitioner,                    :         Case No. 1:09-cv-888

                            :         District Judge Michael R. Barrett
    -vs-                                           Magistrate Judge Michael R. Merz

TIM BRUNSMAN, WARDEN,
Lebanon Correctional Institution,

                            :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Kelly Murphy was convicted on one count of felonious assault in the Butler County Common Pleas Court and sentenced to be imprisoned for five years. He is serving that sentence in Respondent's custody and seeks habeas corpus relief, pleading the following claims for relief:

> **GROUND ONE**: When an accused does not receive a fair trial due to ineffective assistance of counsel, the cause must be remanded.
>
> **Supporting Facts**: In the case at hand, the trial counsel failed to even file written jury instructions for the lesser included offense. Appellant claims he was prejudiced by defense counsel's ineffective performance during trial… Appellant also argues that defense counsel was ineffective for stipulating to the serious physical harm element of the offense…
>
> **GROUND TWO:** Where improper argument of a prosecutor denies a defendant a fair trial a cause will be reversed under plain error analysis.
>
> **Supporting Facts**: …Appellant alleges that the assistant prosecutor

> engaged in misconduct sufficient to warrant reversal of his conviction. Appellant argues that the assistant prosecutor distorted the jury process and the burden of proof, misstated the presumption of innocence, injected himself personally into the case, improperly defined circumstantial evidence, solicited a commitment to convict from the jury, made inflammatory remarks during opening and closing arguments and attacked defense counsel's integrity.
>
> **GROUND THREE:** The trial court improperly instructs the jury, such and error cannot be deemed harmless and the cause must be reversed.
>
> **Supporting Facts**: The trial court, in essence, told the jury that they would be required to come to a group decision. . .
>
> **GROUND FOUR:** The trial court permitted improper evidence to go to jury.
>
> **Supporting Facts**: Appellant insists that the trial court improperly permitted the admission of certain evidence including a medical document which he classifies as hearsay and testimony which he classifies as expert testimony given by a non expert witness….

(Petition, Doc. No. 1, as quoted in the Return of Writ, Doc. No. 6, PageID 31-32[1].)  On Judge Black's[2] Order (Doc. No. 2), Respondent has filed a Return of Writ with the relevant portions of the state court record (Doc. No. 6).  Although given a six-month extended date on which to file a reply by Judge Black and then another six months by Judge Wehrman, Petitioner has not filed a reply.  The case is therefore ripe for decision.

---

[1]Respondent's counsel has paraphrased the Supporting Facts; Petitioner has not objected to the paraphrasing.

[2]Judge Timothy Black was appointed as a district judge by the President and this case was therefore transferred to the undersigned.

# Analysis

**Ground One**

In his first ground for relief, Murphy claims he was prejudiced by ineffective assistance of trial counsel by counsel's (1) failure to make a written request for a jury instruction on a lesser included offense of simple assault and (2) stipulation that the victim suffered serious physical harm (Petition, Doc. No. 1, PageID 9.)

After his conviction, Murphy took an appeal to the Ohio Court of Appeals for the Twelfth District. As assignment of error number one, he claimed ineffective assistance of trial counsel in the two respects he now repeats in his federal habeas petition. The court of appeals decided that claim as follows:

> [*P35] Appellant claims that he was prejudiced by defense counsel's ineffective performance during trial. To establish ineffective assistance, appellant must show that counsel's actions fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington* (1984), 466 U.S. 668, 687-88, 693, 104 S.Ct. 2052, 80 L. Ed. 2d 674. Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Id.* at 694.
>
> [*P36] Because we have found appellant's second, third, and fourth assignments of error to be without merit, his claims of ineffective assistance based thereupon are equally meritless. Specifically, appellant's arguments that defense counsel was ineffective for failing to object to the prosecutor's statements, the preliminary instruction about jury deliberations, the hospital discharge form, and Gail Duffs testimony are rejected based upon our prior analyses of these issues.
>
> [*P37] Appellant also argues that defense counsel was ineffective for stipulating to the serious physical harm element of the offense.

>R.C. 2903.11(A)(1), the felonious assault statute, makes it a crime to for a person to knowingly cause serious physical harm to another person. Appellant argues that the stipulation was tantamount to a guilty finding. However, the state of Clear's mangled ear was obvious. To deny that Clear suffered serious physical harm would have been a foolish undertaking. The stipulation acknowledged this and served as a means to minimize the impact of the grisly ear injury upon the jury by drawing attention away from the serious physical harm and highlighting other issues.
>
>[*P38] A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373, citing *Strickland* at 689. We therefore decline to second-guess defense counsel's strategy in agreeing to the stipulation and find that counsel was not ineffective for engaging this trial tactic. *See State v. Leonard,* 104 Ohio St.3d 54, 2004 Ohio 6235, P146, 818 N.E.2d 229. We also observe that the jury still had to find that the state met its burden of proof on the two other elements of the offense, knowledge and causation, so the stipulation was not tantamount to a guilty finding as appellant argues.
>
>[*P39] Appellant's final argument is that defense counsel was ineffective for failing to submit a written request for a lesser included offense jury instruction. Defense counsel orally requested a lesser included offense instruction of simple assault. Nothing in the record indicates that the trial court denied appellant's request because it was not in writing. Furthermore, HN9the plain language of Crim.R. 30(A) does not require trial counsel to put requested jury instructions into writing. Rather, Crim.R. 30(A) provides that trial counsel may file written requests and the trial court's final instructions must be reduced to writing or recorded. We therefore find that defense counsel was not ineffective for failing to put the requested lesser included offense instruction into writing.
>
>[*P40] Appellant's first assignment of error is overruled.

*State v. Murphy*, 2008 Ohio 3382, ¶¶ 35-40 (Ohio App. 12th Dist. July 7, 2008).

The Supreme Court has elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law.  See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).   To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  529 U.S., at 404-405, 120 S.Ct. 1495.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  *Id.,* at 405-406, 120 S. Ct. 1495.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  *Id.,* at 407-408, 120 S.Ct. 1495.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495.  See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] provides that, when a habeas petitioner's claim has been adjudicated

> on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 (2005).

Here the court of appeals clearly employed the correct federal constitutional standard, to wit, that adopted in *Strickland v. Washington, supra*. With respect to the first prong of the *Strickland* analysis, the court found no deficient performance in that there is no requirement in Ohio law that requests for instruction be put in writing and in any event the trial court ruled on the merits of the requested instruction and did not purport to enforce any rule or even preference that the instruction be in writing. As to the second argument for ineffective assistance of trial counsel, the court found that stipulating to serious physical harm was not only an acceptable trial tactic, but probably a good one, as the extent of the injury would be visible to the jury. Even if the injury was not life threatening, the appearance of the ear would certainly be "grisly," as the court of appeals said and it was a wise litigation tactic to draw attention away from it with a stipulation.

Because the court of appeals application of *Strickland* was not objectively unreasonable, Murphy's first ground for relief is without merit.

**Ground Two**

In his second ground for relief, Murphy claims he was unconstitutionally prejudice by prosecutorial misconduct. This was assignment of error two on direct appeal, which the court of appeals decided as follows:

> [*P7] Appellant alleges that the assistant prosecutor engaged in misconduct sufficient to warrant reversal of his conviction. Appellant argues that the assistant prosecutor distorted the jury process and the burden of proof, misstated the presumption of innocence, injected himself personally into the case, improperly defined circumstantial evidence, solicited a commitment to convict from the jury, made inflammatory remarks during opening and closing arguments, and attacked defense counsel's integrity.
>
> [*P8] Initially, we observe that appellant failed to raise any objections at trial regarding prosecutorial misconduct. Therefore, these arguments have been forfeited unless we find plain error. See Crim.R. 52(B). Plain error exists where there is an obvious deviation from a legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. *State v. Barnes,* 94 Ohio St.3d 21, 27, 2002 Ohio 68, 759 N.E.2d 1240. The burden is on the defendant to show a violation of his substantial rights. *State v. Perry*, 101 Ohio St.3d 118, 2004 Ohio 297, P14, 802 N.E.2d 643. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Landrum* (1990), 53 Ohio St.3d 107, 111, 559 N.E.2d 710.
>
> [*P9] In order to establish that a conviction must be reversed based upon prosecutorial misconduct, a defendant must prove that the prosecutor's comments were improper and, if so, that they prejudicially affected the defendant's substantial rights. *State v. Elmore*, 111 Ohio St.3d 515, 2006 Ohio 6207, P62, 857 N.E.2d 547. The focus of an inquiry into allegations of prosecutorial misconduct is upon the fairness of the trial, not upon culpability of the prosecutor. *State v. Hill*, 75 Ohio St.3d 195, 203, 1996 Ohio 222, 661 N.E.2d 1068, quoting *Smith v. Phillips* (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 71 L. Ed. 2d 78. The Ohio Supreme Court has held that prosecutorial misconduct is not grounds for error unless the defendant has been denied a fair trial. *State v. Maurer* (1984), 15

Ohio St.3d 239, 266, 15 Ohio B. 379, 473 N.E.2d 768.

[*P10] After reviewing the record, we find no error on the basis of prosecutorial misconduct. Appellant repeatedly cites excerpts from the transcript and takes them out of context in order to support his allegations of prosecutorial misconduct. When read in context, it becomes clear that the assistant prosecutor's comments properly portrayed the law and did not amount to misconduct.

[*P11] We also find that appellant was not denied a fair trial based upon any of the comments made by the assistant prosecutor. The record contains ample evidence in support of appellant's conviction independent of any remarks made by the assistant prosecutor. Clear testified that he believed appellant bit off his ear. He discovered blood running down his neck immediately after the altercation with appellant. Clear's son recovered the severed portion of the ear from the patio, which was in the vicinity of the altercation. The altercation reportedly lasted about seven to ten seconds. Clear did not have time to react to the blows, other than bending forward at the waist. According to the testimony, the two men did not engage in any rough tumbling around the yard.

[*P12] Heather Duff, who testified for the defense, admitted that Clear's ear was uninjured immediately prior to the fight and injured immediately after the fight. Clear's son Todd also testified that Clear was bleeding profusely from the head immediately following the altercation. Todd testified that he found the ear about three feet from the spot where the altercation occurred in the direction that appellant exited the back yard. Although none of the witnesses actually saw appellant bite Clear's ear, Todd testified that appellant got Clear in a headlock and the two men were bent forward. Such a position likely obstructed a clear view of the two men, so the fact that none of the witnesses actually saw appellant bite Clear's ear is not dispositive of the matter. As the standard jury instruction on causation states, appellant was responsible for the natural and foreseeable consequences of his conduct.

[*P13] We also note that it is well-settled that a jury is free to believe or disbelieve all, part, or none of the testimony of any witness since the jury is in a much better position than a reviewing court to view the witnesses, observe their demeanor, and assess their credibility. *State v. Nichols* (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80. Here, the jury obviously found Clear to be more credible and chose to believe his version of events rather than appellant's

> proffered version of events. It is not for this court to second-guess the jury's assessment.
>
> [*P14]  Due to the amount of evidence in favor of appellant's guilt, it does not appear that the outcome of the trial would have been different absent the assistant prosecutor's statements. *Barnes*, 94 Ohio St.3d at 27. Because there was no error in the assistant prosecutor's statements, there was no plain error.
>
> [*P15]  Appellant's second assignment of error is overruled.

*State v. Murphy*, 2008 Ohio 3382, ¶¶ 7-15 (Ohio App. 12th Dist. July 7, 2008).

Respondent first of all asserts that this second ground for relief is procedurally defaulted by Murphy's failure to object to any of the claimed instances of prosecutorial misconduct.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  *Wainwright*

replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010) *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001);.

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138. See also *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007).

Ohio does have an applicable procedural rule, to wit, the requirement that counsel make a contemporaneous objection to error in the trial. *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998). The Sixth Circuit has repeatedly held this to be an adequate and independent state law

-10-

ground of decision. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

The court of appeals enforced the contemporaneous objection rule by considering the second assignment of error under the plain error rule. Reservation of authority to review in exceptional circumstances for plain error is not sufficient to constitute application of federal law. *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F. 3d 239 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003). Thus the second ground for relief should be dismissed as procedurally defaulted.

In the alternative, the claim is without merit. The opinion of a state court on plain error review is still entitled to AEDPA deference if the federal court reaches the merits despite the procedural default. *Fleming v. Metrish*, 556 F.3d 520 (6th Cir. 2009). Here the court of appeals reviewed each claimed instance of prosecutorial misconduct and found that it was not misconduct at all. Indeed, the court found that in a number of instances, Murphy's counsel "spun" remarks out of context which were perfectly proper when considered in context.

On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct

-11-

is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168 (1986); *Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999) or whether it was "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979); *accord Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir. 1979), *aff'd sub nom*, *Watkins v. Sowders*, 449 U.S. 341 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6th Cir. 1983).  The court must examine the fairness of the trial, not the culpability of the prosecutor. *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1355 (6th Cir. 1993)(*quoting Smith v. Phillips*, 455 U.S. 209, 219 (1982). In *Serra*, the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.,* at 1355-56 (quoting *Angel*, 682 F.2d at 608).  The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 572 (1997); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988).  Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Thompkins v. Berghuis,* 547 F.3d 572 (6th Cir. 2008), citing *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004).

Considering the claims of prosecutorial misconduct on the merits, the Magistrate Judge concludes that the Twelfth District Court of Appeals decision is not an objectively unreasonable application of United States Supreme Court decisional law on the subject.  The second ground for relief is therefore without merit.

**Ground Three**

In his third ground for relief, Murphy asserts he was prejudiced by an improper jury instruction, to wit, referring to the jury decision as a group decision making process during preliminary voir dire instructions. This was Murphy's third assignment of error on direct appeal and received the following ruling from the court of appeals:

> [*P18] Appellant maintains that the trial court improperly referred to jury deliberations as a "group decision making process" during preliminary voir dire instructions. Such a reference, argues appellant, is erroneous because each juror must individually decide the case beyond a reasonable doubt. Because appellant failed to contemporaneously object, any error is waived unless it rises to the level of plain error.
>
> [*P19] The challenged instruction stated as follows:
>
> [*P20] "You must decide this case based solely on the evidence produced at trial. And you must decide this case only after discussion with your fellow jurors and after fair and complete consideration of the views of all jurors. This is a careful and a deliberate process. Do any of you believe you cannot or will not participate in a group decision-making process of this sort?"
>
> [*P21] It does not appear that such an instruction affected appellant's substantial rights or influenced the outcome of the proceeding. Immediately prior to deliberations, the trial judge advised the jury of the following:
>
> [*P22] "Consult with one another, consider each other's views and deliberate with the objective of reaching an agreement if you can do so without disturbing your individual judgment. Each of you must decide this case for yourself, but you should do so only after a discussion and consideration of the case with your fellow jurors. * * * However, you should not surrender honest convictions in order to be congenial or to reach a verdict solely because of the opinion of other jurors."

> [*P23] Such an instruction informed the jury of the collaborative nature of jury deliberations while emphasizing the necessity for each juror to arrive at an individual decision on the matter. Thus, the jurors were correctly advised to deliberate the case while making their own individual determinations as to appellant's guilt. We find that the trial court's reference to a "group decision making process" during preliminary jury instructions did not amount to plain error.
>
> [*P24] Appellant's third assignment of error is overruled.

*State v. Murphy*, 2008 Ohio 3382, ¶¶ 18-24 (Ohio App. 12th Dist. July 7, 2008). Thus here, as with the second ground for relief, the court of appeals found a procedural bar in the lack of a contemporaneous objection but also found against Petitioner on the merits on plain error review.

The Magistrate Judge concludes that this third ground for relief is procedurally defaulted for the same reasons as the second ground for relief. Moreover, the court of appeals decision on plain error review is not an objectively unreasonable application of Supreme Court law. Reaching a jury verdict is a group decision making process and the trial judge was quite right to inquire on voir dire whether any juror would have a problem participating in such a process. During the final instructions, he also reminded them that each juror must reach a conclusion on his or her own, but that it should only be done after adequate consultation with the other jurors. There is nothing unorthodox, much less unconstitutional, about these instructions. Therefore, the third ground for relief should be dismissed.

## Ground Four

In his last ground for relief, Murphy complains that certain evidence was improperly admitted, particularly a discharge summary from the hospital for the victim and the non-expert

testimony of a relative of the victim who is a nurse. These issues were raised as assignment of error four in the court of appeals and received the following ruling:

> [*P27] Appellant insists that the trial court improperly permitted the admission of certain evidence including a medical document which he classifies as hearsay and testimony which he classifies as expert testimony given by a nonexpert witness. Again, we conduct a plain error analysis due to appellant's failure to object to the admission of this evidence at trial.
>
> [*P28] The medical document admitted into evidence was an emergency room discharge form which listed Clear's prescription information and instructed him on follow-up care. The form also contained the statement, "[y]ou have been diagnosed with human bite to left ear." Although this purported "diagnosis" may have been hearsay, we find that appellant failed to fulfill his burden to show that the outcome of the trial clearly would have been different absent the inclusion of this document. Barnes at 27. As the Ohio Supreme Court has observed:
>
> [*P29] "Where evidence has been improperly admitted in derogation of a criminal defendant's constitutional rights, the admission is harmless 'beyond a reasonable doubt' if the remaining evidence alone comprises 'overwhelming' proof of defendant's guilt." *State v. Williams* (1983), 6 Ohio St.3d 281, 290, 6 Ohio B. 345, 452 N.E.2d 1323, citing *Harrington v. California* (1969), 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L. Ed. 2d 284.
>
> [*P30] In view of the ample evidence in support of appellant's guilt as discussed under the second assignment of error, we cannot assuredly say that appellant would not have been convicted had the discharge form been excluded. *State v. Barney* (June 7, 1999), Meigs App. No. 97CA12, 1999 Ohio App. LEXIS 2629, 1999 WL 378755 at *6. We therefore find no plain error in the inclusion of this evidence.
>
> [*P31] The alleged expert testimony by a nonexpert witness consisted of statements made at trial by Gail Duff, Clear's sister. Gail testified that she was employed as a nurse and had held that occupation for 37 years. She also testified that there were bite marks on Clear's ear after the altercation. Even so, the state did not profess to present Gail as an expert witness. Rather, Gail's testimony involved her observations upon arriving at the scene of the fight and

> viewing her brother's injured ear. Such statements amounted to opinion by a lay witness based upon personal observations, and were admissible under Evid.R. 701 to assist the jury in determining a factual issue. *State v. Krull*, 154 Ohio App.3d 219, 2003 Ohio 4611, P29, 796 N.E.2d 979. The inclusion of this testimony was therefore not error.
>
> [*P32] Appellant's fourth assignment of error is overruled.

*State v. Murphy*, 2008 Ohio 3382, ¶¶ 27-32 (Ohio App. 12th Dist. July 7, 2008).

Here, as with the two prior grounds for relief, the court of appeals enforced the Ohio contemporaneous objection rule by engaging in only plain error review. On that basis Respondent is entitled to dismissal for the same reasons given above on grounds two and three.

Moreover, this claim is not cognizable in federal habeas corpus as it concerns only state evidence rulings. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991). Evidentiary questions generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). Whether a comment on a medical discharge form properly comes within the hearsay exception for statements made in aid of diagnosis or whether a nurse with 37 years experience is qualified to give an opinion on bite marks are clearly questions of state evidentiary law. Moreover,

as the court of appeals found, there was very ample additional evidence without either of these pieces of evidence. Therefore the fourth ground for relief should be dismissed.

## Conclusion

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

April 27, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).